## TUNSTILL v. GULF PRODUCTION CO.
### No. 13005.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 26, 1934.

Rehearing Denied Dec. 21, 1934.

Motion to Certify Denied Feb. 15, 1935.

Clay Cooke, of Fort Worth, for appellant.

John E. Green, Jr., of Houston, and Hiner & Pannill, William L. Wise, and Peveril O. Settle, all of Fort Worth, for appellee.

POWER, Justice.

In September, 1924, Mrs. M. L. Baker, joined by her husband, leased to W. A. Tunstill a certain 1,280 acres of land for the purpose of mining and operating for oil and gas for a period of ten years. The consideration for such lease was $500 in cash and provisions for certain payments for gas wells and a certain royalty when and if oil was produced, and a provision for an annual payment of $254 for the privilege of deferring the commencement of a well from year to year, and provided for rights of abandonment by the lessee.

In December, 1925, W. A. Tunstill assigned to the Gulf Production Company 72½ acres of said lease for a consideration of $25,000 in cash and a further consideration of $25,000 out of one-eighth of seven-eighths of the first oil produced and saved from said assigned acreage. It was further agreed that "grantee is under no obligation whatever to ever drill said property in an effort to find and produce oil therefrom except at its sole option and election."

The assignment referring to the original lease used the following language: " * * * have sold, conveyed, transferred and do hereby sell, transfer and convey unto the said Gulf Production Company, a Corporation chartered under the laws of the State of Texas, said above described lease and the leaseholder and all of the rights therein conveyed and secured together with all other rights, titles, interests or privileges, in and to said property and the minerals thereunder, given, conveyed or created by virtue of said instrument mentioned, insofar as same affects and relates to the following described tract of land, a portion of said leased premises, towit:"

The consideration of $25,000 in cash was paid. In November, 1926, the Gulf Production Company completed two wells, from which, to the time it surrendered the lease, the appellant W. A. Tunstill was paid on the deferred consideration the sum of $3,112.01. At the time appellee surrendered the lease and for a good many months prior thereto, the wells had been operated at considerable loss. The release executed by the Gulf Production Company was as follows: "Know all men by these presents that the Gulf Production Company hereby releases, relinquishes and forever quitclaims any and all rights whatsoever acquired or held by it under the following described oil and gas lease, dated the 8th day of September, A. D. 1924, executed to W. A. Tunstill by Mrs. M. L. Baker, recorded in volume 18 on page 523-27, in the Deed Records of Upton County, Texas, said lease covers a total of 1,250 acres of land of which the Gulf Production Company owns and hereby releases 72.50 acres, which was secured by assignment from W. A. Tunstill, dated December 3rd, 1925, and recorded in Vol. 20, on page 420 of the Deed Records of Upton County, Texas, reference to which is here made for a full and complete description of the 72.50 acres of land here released."

Based on this record, both appellant and appellee moved the trial court for a peremptory instruction; appellant asking for an instructed verdict of $21,888.97, being the balance of the consideration of $25,000 to be paid out of oil produced from the lease; and appellee asking that the jury be instructed to return a verdict in favor of the Gulf Production Company.

The case presents no question of negligence, either in the development or operation of the premises; the appellant claiming that the Gulf Production Company was obligated

under the terms of the assignment to continue to produce oil from the premises until the sum of $25,000 was paid or return the lease to him. Appellee claims that as a matter of law it was not obligated under the terms of the assignment to continue to produce oil at a loss to itself in order that it might pay the $25,000 to appellant, nor was it legally obligated to return the lease to him. When appellant transferred and assigned the 72½-acre tract of land as to such lease to the Gulf Production Company, that company merely took the place of the original assignee. He retained under this assignment nothing whatever. He merely sold, conveyed, and transferred said lease to the Gulf Production Company and all rights therein. He included everything that he owned and every right that he possessed in the 72½-acre tract, reserving no right, condition, or privilege. This being true, and he himself having had the privilege of abandonment of the 72½-acre tract as provided for in the original lease and having without reservation parted with that right, this court is of the opinion that the Gulf Production Company would have the same right and power. Under the terms of the assignment, the Gulf Production Company was under no obligation to drill. Certainly they would be under no obligation to maintain the two wells drilled at a monthly and constant loss in order that it might accumulate, notwithstanding such loss, sufficient oil to pay the $25,000 to be paid out of oil to be produced, and appellant under these conditions, which could reasonably have been contemplated, should have limited his assignment in that respect.

The principle involved in the case of Simms Oil Co. v. Colquitt (Tex. Com. App.) 293 S. W. 491, 493, applies here. Under the facts of that case A. L. Owens executed an oil and gas lease to O. B. Colquitt and J. N. Graves covering 160 acres of land. Later, Colquitt and Graves partitioned the 160 acres, each taking two 40-acre tracts. Colquitt then assigned to the Simms Oil Company each of his 40-acre tracts by separate assignments. The consideration for such assignment was $7,000 in cash and $7,000 to be paid out of one-half of seven-eighths of the first net oil produced and marketed. It was the theory of the trial court that it was the implied duty of Simms Oil Company to drill the 40-acre tracts in an effort to produce oil in order that the $7,000 might be paid. In an opinion by the Commission of Appeals, the court said: "The only logical implication of the assignment is that, if the oil company, in the ex-

ercise of its option under the lease, decided to drill a well and production should ensue, then the oil so produced was to be divided in the proportion stated between Colquitt and the oil company. No other construction of the lease and assignment is tenable. If the oil company preferred to surrender the lease rather than pay rentals or drill the land, it had the right to do so. And Colquitt himself assigned the oil company these very rights. Having done so, he cannot now vary these rights, expressly conferred, by an implied obligation to the contrary."

It is the opinion of this court that the trial court committed no error in instructing the jury to return a verdict in favor of appellee, and the judgment of the trial court is in all things affirmed.